WRIGHT, J.,
delivered the opinion of the Court.
The proof of the guilt of the plaintiff in error, in this case, is so meagre and unsatisfactory that we should be loath to permit the conviction to stand, if the instructions of the Cir- *81 «uit Judge to the jury had been proper. But we do not so consider them. It is a rule that if a witness swear positively that he saw or heard a fact, and another who was present, that he did not see or hear it, and the witnesses are equally faithwor-thy, the affirmative witness is to be believed. If he testify untruly, he is guilty of perjury; but it by no means will follow that the negative witness would be perjured, although the affirmative were true. The falsity of his testimony, if it actually were false, might be attributed to inattention, mistake, or defect of memory. In short, it is a case of knowledge, and the want of it One witnes knows, and the other does not.
It is evident the Circuit Judge put the case to the jury upon this rule, and that it must have controlled their verdict. In-this we think he erred. The guilt or innocence of the defendant depended entirely upon the swearing of Bluford Emory and Thos. Phillips. These witnesses, with the defendant and others, stayed all night at the house of Phillips’ father. The defendant, with one Adkins and another, were lying in the same bed, and several others in the same room. The crowd were talking, and some of them were drunk. Emory stated that he heard the defendant use the obscene language charged in the presentment; knew his voice, and thoiight it was his, but might be mistaken; that he heard Adkins also use the language, and his voice and defendant’s were somewhat alike. It does not appear whether this witness was drinking; nor does it appear what were his opportunities to have heard what was said; nor whether he was in the same room. On the other hand, the witness, Phillips, states that he was in the same room; was sober, and paid particular attention to what was said — the crowd being at the house of his father, and he being in the belief that they were acting badly; that he heard the words charged in the presentment, and they were used hy Adkins and not the defendant; he knew very well and could tell the voice of both. Now, it is plain here that Phillips is the more positive rvitness of the two — and that he was entitled to the superior credit; and yet, under the charge of the Circuit Judge, his evidence must have been discarded by the *82 jury. The testimony of these witnesses might very well have been reconciled, consistent with the innocence of the defendant, upon the supposition that Emory was mistaken, and that the superior and positive knowledge of Phillips entitled him to higher credence; and the facts of the case should have been submitted to the jury under this view of the law.
Reverse the judgment and remand the case.